Good morning, Your Honors. Yandra Lopez of the Federal Defenders in San Diego on behalf of Mr. Rivera-Morales. I'll be reserving two minutes of my time for rebuttal. This Court must reach the merits of Mr. Rivera-Morales' claim that the District Court was unauthorized to order further commitment and evaluation upon the expiration of the 4241D period based upon the collateral order exception. This Court does have jurisdiction under the collateral order exception as set forth in Cohen. And Cohen sets forth three requirements that must be met in order for the exception to apply. And in Mr. Rivera-Morales' claims, each of those requirements are met. First, the District Court's order does conclusively determine a disputed issue, the issue being whether or not the District Court had authorization to order further commitment and whether his current commitment is authorized under the statute. And second, those issues are separate and apart from the merits of the action, being whether or not he is innocent or guilty of the charges against him, or whether or not he can be found dangerous under 4246. JUSTICE KENNEDY Where is Mr. Rivera now? YANDRA LOPEZ Mr. Rivera-Morales is currently in North Carolina at the Federal Medical Facility. JUSTICE KENNEDY Has he been evaluated? YANDRA LOPEZ He has not. The District Court stayed review of 4246 proceedings. JUSTICE KENNEDY So he's just been incarcerated without being evaluated? YANDRA LOPEZ Correct. JUSTICE KENNEDY This seems a strange result. YANDRA LOPEZ Correct. And... JUSTICE KENNEDY I mean, from the point of view of your client, wouldn't it have been simpler to have been evaluated and have it over with and be kept there for several months while we go through the appeal? YANDRA LOPEZ We spoke to our client about his different options, and Mr. Rivera-Morales indicated that it was not just for the District Court to order a commitment, and he agreed with us, without the statutory provisions authorizing such a commitment. JUSTICE KENNEDY So he preferred to be in limbo, as it were? YANDRA LOPEZ Well, we believe that the District Court's order put him in limbo because he was neither under 4241D nor under 4246. JUSTICE KENNEDY So he's there illegally now, in your view? YANDRA LOPEZ Correct. But it wouldn't have been so if there had not been this order by the District Court. JUSTICE KENNEDY That's the order for this extra 30 days? YANDRA LOPEZ Correct. JUSTICE KENNEDY Well, I mean, you've got Meyer. He's a man that stands on principle. YANDRA LOPEZ Right. And I believe this limbo period would have not been initiated if the District Court did not order for the commitment, which was not authorized by the statute. JUSTICE KENNEDY Well, you can certainly see how the District Judge felt, that he didn't want to let out somebody who gave a good deal of evidence that he was crazy. I mean, I think that was a natural reaction of the District Judge. YANDRA LOPEZ Right. But I think the statute's clearly set forth... JUSTICE KENNEDY Someone that was in illegal possession of an unregistered machine gun  YANDRA LOPEZ I think that the issue is that the statute, 4241D, clearly sets out when the District Court has the authority to commit someone. JUSTICE KENNEDY What do you think he should have done? YANDRA LOPEZ Well, what should have been done is, following the statute, in order to stay the release, the Director of the Facility under 4246A... JUSTICE KENNEDY All right, but the Director hasn't done that. YANDRA LOPEZ If he hasn't done that, there's other provisions... JUSTICE KENNEDY Then you let this man out in the community? YANDRA LOPEZ Well, there's other provisions under 4246A that address that. If the government had decided to dismiss the charges against Mr. Rivera Morales, again, the Director of the Facility would have had the opportunity to file a certificate at that time. But what the District Court and what the prosecution moved the District Court to do was, instead of dismissing the charges, was to continue this 4241D period, which was not authorized under the statute, so that the dangerousness evaluation could be made. JUSTICE KENNEDY Or he goes to jail. YANDRA LOPEZ Excuse me? JUSTICE KENNEDY Pre-trial detention, some other form of pre-trial detention. YANDRA LOPEZ Right, but if he is incompetent to stand trial, then what most likely would have happened would be for the government to have dismissed the charges. They decided not to do that. Instead, they decided to continue the 4241D period. But if we look at 4241D, Congress clearly laid out when the District Court has the authority to order commitment. It states, first, the District Court has authority to order commitment for four months. And then Congress, again, gave the District Court authority to continue commitment for an additional reasonable amount of time, if the Court believed that the person can be rendered competent within that reasonable time. Congress did not say, after that, that the District Court was authorized to order an additional period of time. And because 4241D is so clear as to setting the timelines for the District Court's authority, if it had intended the District Court to order additional commitment, it would have done so. It didn't. Instead, what Congress did was clearly state in 4246A what the procedure would be in order to stay somebody like Mr. Rivera-Morales' release. And that is by means of certificate. And the certificate could only have been filed by the director of the facility during the 4241D period, the reasonable time set forth by Congress. And I think it's not only clear by the statute, but it's also clear by this Court's precedent in Weber v. District Court. In Weber, the District Court did something very similar to what happened in this case. They stayed the release of the defendant and ordered further commitment and evaluation of the defendant, even though no certification was filed. And the District Court believed there was an oversight. So he was sent back to the Federal Medical Facility so that evaluation and that certification could be filed if necessary. This Court held that that continued commitment, continued evaluation for purposes of 4246 was an unauthorized initiation of 4246. That's what's happening here. So is the necessary consequence an immediate release of that? Or is there a different remedy that's provided for the statutory violation? I think if the government chose not to dismiss the charges against Mr. Rivera-Morales after the 4241D period ended, he should have been released if there was no certification. So what do you think would happen if we decided in your favor now? I don't know that. I would think that he would be returned to the District Court in Southern District of California. And then the government would have the opportunity to dismiss the charges against Mr. Rivera-Morales instead of having those charges. Suppose they dismiss the charges, then what's the next step? And then the facility, the director, could decide whether or not to file the certificate or not. Would he be sent back there for an evaluation? It's depending on what the director of the facility believes is necessary. How long would he have then? I understand that the statute is not clear on this point, but I think the issue of dismissal is not present before the Court today. No, but I want to know what will happen if we decide your way. I think you might know that. Have some idea. If the government dismisses the charges, they can reinstate them, can't they? They could, but I think at this point in time, if the government decides to dismiss the charges, then the facility would have the opportunity to file the certificate. And how long would he be in the facility then? So once the director files the certificate, his stay is released pending all the provisions set forth in 4246, provisions of... No, but how long would he be in the care of the facility for the evaluation? Assume the government dismisses the charges, he's sent back to North Carolina to file on. It's not clear from the statute for how long, but I believe for as long as it takes for the director to file the certificate. And he knows all this? He's willing to undergo all this? Who knows this? Your client. Yes. Even though he's not confident. Exactly. The problem with this is that our clients are being continually committed under 4241D without the authorization of the statute, and with these charges still hanging over their heads. This is a big problem down in the Southern District, is that what you're saying? It's happened repeatedly. It goes on all the time. It goes on all the time. After our clients are found to be incompetent, most of the time they're brought back to the Central District of California for the competency hearing, and then the District Court sets a time period. Southern District. Southern District. Okay. Sets a time period that may be 30 days. They've done it indefinitely. They've done it. And the problem with that is that it appears that the District Court is intervening with what is really the prerogative of the director of the facility where he's being evaluated. They're the ones that are more properly equipped to determine what the reasonable time period is. They're the ones that are evaluating him. The defendant is constantly in their custody, and thus the most appropriate thing would be for the director of the facility to determine that time period, and not the District Court of the Southern District of California. I see I'm running out of time, and I'd like to reserve the rest. How many of your clients have been sent down there to North Carolina? It's either North Carolina or Springfield, Missouri. Or Springfield. How many people are we talking about? Where they're sent back to the facility. That I know of, it's happened at least three or four occasions, and that we've challenged. Those are the three or four that we've challenged, and twice before the District Court in this case. And the time periods that are set by the District Court differ. It can be 30 days. Again, it can be indefinite. It's just depending on what the government moves in its motions. All right. Thank you. Good morning, Your Honors. John Kramer on behalf of the United States. Your Honors, under defendant's novel theory of the provisions contained at 4241 through 4246, every defendant who has been found incompetent by a U.S. District Court judge and not likely to become competent in the foreseeable future must be immediately released at the end of the 4241D evaluation period if at the very moment the District Court judge has found the defendant incompetent, the director of the hospital in which the defendant is detained has not yet filed a certification of dangerousness under 4246. This is so, the defendant would argue, even though the statute contains no obligation on the director of the medical facility to evaluate a defendant sent to them solely for competency purposes for dangerousness as well, and even though the statute contains no time limits or deadlines on the director's filing of a certification under 4246, the government submits that Congress could not have intended that immediately upon the finding of incompetency of a defendant to stand trial that the defendant must be immediately released before the director of the medical facility has either the statutory obligation or a reasonable opportunity to determine whether the certificate is or is not appropriate. So what's the remedy for someone who believes, well, someone in this defendant's situation? What do you think the appropriate remedy is? The appropriate remedy is that if the defendant is ordered committed pursuant to the provisions set forth at 4246 that provide for the civil commitment of incompetent and dangerous individuals, the defendant may appeal such a commitment order. It's important to note that what the defendant does not do here, the defendant does not appeal the lawfulness of the finding of his incompetence, does not challenge the District Court's finding that he's not likely to become competent, does not appear to challenge the argument by the government that the defendant poses a potential danger to others if released into the community. The defendant does not appeal from a commitment order under 4246 because no commitment order has been entered by anyone in the case. Well, let me put my question a different way because I think I understand that remedy, but how do you force the director of a facility to either certify or not certify? Well, the director under 4246 has an obligation to do one of two things. To release the defendant if the defendant has recovered from his mental competency. In this case, that would mean releasing him back to the District Court, which under 18 U.S.C. 4142E must set a trial date or the director under the statute has an obligation to determine whether or not the person is a danger to the community. If the director makes that determination that the person is a danger, then under 4246 the director must file the certificate. 4246, if there is a flaw in it, does not set forth a specific time period. Right, so how do you force the director to make the examination? That's my question. If a defendant wants to force the issue and say, look, release me or issue the certificate, what's the appropriate remedy? I would think if the director of the medical facility failed to comply with his duty under the statute to determine dangerousness or to release the defendant if he becomes competent, I would imagine the defendant would have an opportunity to file a habeas petition in the district in which he is confined. In this case, there has been no allegation that the director has failed to, or will fail, to perform his duty. In this particular case, all the District Court really did was say, under 4241D, a defendant who is incompetent, not likely to become competent in the foreseeable future, is subject to 4246. The Court actually imposed a limitation on the director of the facility. Whereas the statute doesn't give the director a deadline, Judge Rhoades gave the director a deadline at the request of the government. And Judge Rhoades said that the director has 30 days to make a determination if the defendant is dangerous or the defendant is not. So what happened? Nothing. Well, so what happened is that the defendant appealed that order on an emergency motion to the Ninth Circuit, which was denied. This Court set a briefing schedule, and the District Court, at the defense request, stayed the director from conducting any evaluation and prohibited the director from filing a certificate pending the outcome of this appeal. Had the director, had there been no appeal, had there been no stay, the director would have had to roughly May 5th of this year to make the determination of dangerousness. And if the director said the defendant was not dangerous and the defendant was still incompetent, the defendant would have had to have been released a month after the District Court's order. The defendant seems to suggest at the very instant the judge makes a finding of incompetency that there has to be a certification in place. And I suppose... Are you suggesting that it's completely open-ended and the director is not obligated to issue the certificate ever? That's correct. Well, correct to this extent. The director is not required to file a certificate, and certainly there are circumstances where it would be inappropriate to file the certificate. However, I think 4246 and 4247 give us some guideposts as to what a reasonable time period would be. Specifically, 4247 says that a defendant committed for an evaluation for dangerousness under 4246 may be evaluated for 45 days, and upon good cause being shown, that period of time may be continued an additional 30 days. I would submit to the Court, although the statute is silent as to the deadline for filing certifications, certainly the District Court's order giving the director 30 days to make a determination was well within those time parameters for a dangerousness determination. And I would submit, under the circumstances of this case, it's therefore very reasonable. I would submit also that the question of release of the defendant at this point is really in the hands of the Bureau of Prisons rather than the District Court. The District Court judge may dismiss the indictment and order the defendant released in connection with the criminal charges. And as Your Honor noted, under 4246, that would not end the matter because the director of the facility has a statutory obligation to look at that individual who all charges have been dismissed against on the basis of something on the basis of mental incompetency and determine is this person safe to be released to the community. If not, the director must undertake an evaluation. Will the state government evaluate or hospitalize the defendant? Well, we, Root Weed being the Bureau of Prisons, file a 4246 certificate to begin civil commitment proceedings in federal court because no state will take the individual. So, the director, independent of the criminal case, has the statutory obligation. One might ask, well, why doesn't this evaluation occur prior to the 4241D period? And I would submit that there are a number of good reasons. First, 4241D simply calls for an evaluation of the competency of the individual. It would be premature for the Bureau of Prisons to undertake or subject, for that matter, a defendant who has not yet been found competent to determine an evaluation for dangerousness. Second, as the district court noted, there are some practical reasons why we would not want the Bureau of Prisons to evaluate a person for dangerousness before competency was decided, including if there was a requirement that the director of the facility file a certificate immediately upon the conclusion of the 4241D period, the Bureau of Prisons might feel required to conduct a dangerousness evaluation for every person that was subsent to them for a competency evaluation at tremendous expense of resources to the Bureau of Prisons, perhaps over the objection of defendants who would argue they are not required under the law to be subjected to a dangerousness evaluation before the competency issue has been decided, and also the Bureau of Prisons has no statutory obligation to conduct such an evaluation prior to that time. I would submit that the ultimate decision, and I think the legislative history indicates this, of whether the defendant should be released at this point really rests with the director of the facility under 4246, and all the district court did in this case is put some restrictions on the judge or on the Bureau of Prisons that the statute did not impose. So the remedy is habeas, huh? Well, I would think that if he was unlawfully detained, if he says he was unlawfully detained because no one had evaluated him for dangerousness at the Bureau of Prisons in the Western District and no one made any determination to conduct an investigation to admit him civilly and he just sat there, that would be the first remedy that would occur to me that he could avail himself of in the Western District of Missouri. And that's independent of the criminal case. Well, sure. I mean, that's the odd thing is that under your theory there's really not a unified opinion on whether or not that's where he, which is the remedy he seeks here I think eventually. Well, again, at this point It gets him out of the institution but it doesn't do anything to the criminal case. Well, if the charges were dismissed he would not be released from the institution if the charges were dismissed because the  are not dismissed in that regard. Well, I understand that. But I think we're saying the same thing. There's not a unified remedy if he wants to determine whether or not the charges are going to be dismissed and he's going to be released in one proceeding. Well, I think if I understand correctly there are two different issues here. Right, there are. On whether the charges ought to be dismissed or not and certainly there's no requirement under the statutory scheme to do that and the government has an interest in not doing it in the event that if he is civilly committed he becomes competent six months from now or a year from now or two years from now. But I think that question of dismissal is entirely separate from the question as to what the obligation is of the Director of the Bureau of Prisons at this point. I think I said the same thing. I said there are two remedies and not one. Not a unified remedy I think. Judge put a 30 day limit on this? That's right. And the initial commitment was for how long? The initial commitment was for four months under 4241D and there was an extension of that commitment at the request of the Warden of the Facility of Butner. I misspoke. I think I said a different state. But there was an extension. There was also a request for involuntary medication in this case which the U.S. Attorney's Office did not agree with. And after a hearing in January of this year where Dr. Newman testified. Voluntary vacation. Voluntary medication. Involuntary medication. Involuntary medication? There had been a request by the Bureau of Prisons to involuntarily medicate Rivera Morales to restore him to competency so there was a hearing in January of this year on that issue. The government did not agree with that request. And without the court's order. Well could the judge hold the director sent out an OSC and rate contempt? Send out an OSC rate contempt. If the director of the facility did not follow his statutory obligations? Yeah. I mean the court's ordered. Certainly. I mean if the court ordered the director of the facility to take certain actions and the director failed to comply with that order certainly the court can enforce its contempt powers. On the other hand there's a question at this point as to what the court can and cannot order under 4246 because the 4246 statute again is a civil commitment statute that can run parallel to or independent from the criminal case. But you think the court had the authority on its own on your motion to impose a 30 day deadline? We yes we requested that the court do that in the interest of having a prompt decision by the director of the medical facility as to whether or not it was going to file a certification. I'm not saying it wouldn't be unreasonable perhaps under different circumstances that 45 days might be appropriate or 60 days might be appropriate. Perhaps going further astray but what jurisdiction will the court exercise some supervisory powers while the case is pending in the criminal courts? That's where I was headed with my question too. Obviously a habeas remedy would have to be filed in another jurisdiction. So you say you think the court has the jurisdiction and the power in answering my question and then with Judge Noon's follow-up you say some jurisdiction. Well a lot has yet to be I think decided in the case law in this area and certainly 42-46 leaves some room for a 30-day period was certainly reasonable in the context that there's an ongoing criminal case. Now if there wasn't a criminal case then there might be a different form for the remedy. So that order wasn't carried out because of this appeal? Because Rivera Morales requested the stay of that order and that's the only reason why it hasn't been carried out. Now if that stay is lifted then the officials at Butner may conduct their evaluation and determine whether or not to file a certification. Why would the court grant a stay? Why would the district court grant a stay? Yeah. I don't recall if the district  granted a stay. The reason is beyond giving the defendant an opportunity to pursue appellate recourse without subjecting the defendant to an evaluation and without allowing the officials to file a certification that would start the civil commitment process because Rivera-Morales says he has no he is not subject at all to being held in custody. Reading between the lines you don't seem to think the court really had jurisdiction to either enter the 30 day limitation or the stay. Do you? I think we argued against the stay because an emergency motion was pending in the 9th circuit. That was our argument below. But I guess getting back to Judge Noonan's question which is fairly fundamental if the court didn't have jurisdiction to begin with what are we doing here? If the district court can have jurisdiction did it have the power to order to impose the 30  limitation? That's a very puzzled to me. It's obvious it seems there are gaps. Thank you. Thank you. There are a couple of things I would like to quickly point out. First in regards to the district court's jurisdiction in regards to 4246 I think Congress did not have jurisdiction to authorize further commitment. The problem is once we are in 4246 land it's the director of the facility that controls the issue of whether or not to file a certificate. It's important to note the certificate isn't filed in the Southern District of California. It's filed in the district court where the facility is located. And that's because the district court in the Southern District of California no longer has jurisdiction over the issue of 4246. And that's the key issue here that the district court does not have jurisdiction to determine an additional period of time. I think so. I think the issue is whether or not Mr. Rivera-Morales who was currently committed because of the district court's order, whether they had jurisdiction to do so and they didn't. Can I pursue for a moment your relationship with him? Did you represent him in the district court? I did not. And at what point, I mean, he's incompetent to stand trial. How did you determine he was competent enough to say I'd like to spend a few more months in this facility in North Carolina? Well, we spoke to him via telephone conference. By telephone? Yes. And that was not you but somebody else? It was me with the attorney that represented him during the district court proceedings as well. And you seemed competent enough to agree to that. But I think ultimately this is a recurring issue that's happening in some districts. No, no, I'm looking at it from his point of view, not your point of view. Right. I am concerned that representation of this particular client, what he was getting himself in for. Right. And I think we made the decision... Was he competent enough to do that? Well, we made the decision based on our conversation that this was the appropriate decision for him and that's what we decided to go ahead with the appeal. Well, I take it if you thought that he was incompetent enough that you didn't understand, he didn't understand what you were saying, that you would have done something different and pursued a different course perhaps. Correct. Because you need a guardian ad litem. What is your goal to keep the district court honest? Is the U.S. attorney's office honest? I think also the government made a point right now saying that it would be interesting if he is committed, if there is a period stayed of his release and then it is determined that he is rendered competent after this additional period of time, then they can bring the charges all over again against him. And that's what we as the government and the district court is effectively doing is continuing the 4241D period to find whether or not he will be competent at some time at a time set by the district court on the motion of the government to bring him back for him to stand trial. And I think that's why 4246A makes it clear that the certification has to be filed during the time of 4241D so that this issue doesn't come up or either be filed after the dismissal of the charges. All right. Thank you. Thank you. And we're going to take a brief
judges: Pregerson, Noonan, Thomas